IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAYMON EVERETT HOLMBERG,<br><br>Defendant. | Case No. 3:23-cr-00206<br><br>**MOTION FOR REVIEW OF DEFENDANT'S EXCEPTIONAL CIRCUMSTANCE RELEASE POST-PLEA** |

The United States of America, by Jennifer Klemetsrud Puhl, First Assistant United States Attorney, Acting under Authority Conferred by 28 U.S.C. § 515, moves this Court for a hearing regarding Defendant Raymon Everett Holmberg's violations of his post-plea release conditions, pursuant to 18 U.S.C. § 3148(b).

## I.     PROCEDURAL HISTORY

On October 26, 2023, a federal grand jury returned a two-count Indictment charging Defendant with one count of Travel with Intent to Engage in Illicit Sexual Activity, in violation of Title 18 U.S.C. § 2423(b) and one count of Receipt and Attempted Receipt of Child Pornography, in violation of Title 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1). (Doc. 1.)  The Defendant was arrested on the Indictment on October 30, 2023, and the following day Defendant pled not guilty after which he was released pending trial, per the recommendation of the Pretrial Services Office. (Docs. 3 and 10.)  The Magistrate Judge issued an Order setting conditions of release, including a condition that subjected Defendant to electronic monitoring, pursuant to 18 U.S.C. § 3142(c)(1)(B). (Doc. 11.)  In addition, the Order restricted his travel to the

Grand Forks area as well as his internet access except for reasons approved in advance by his Pretrial Services Officer, among other conditions. (Doc. 11.)

Trial was initially set for December 5, 2023, but it was continued twice at Defendant's request, in order to provide counsel sufficient time to review discovery and prepare for trial. (Docs. 13, 19, 24.) A Plea Agreement was filed on June 24, 2024, and the Court scheduled a change of plea hearing for August 8, 2024. (Docs. 28, 29, and 31.) In advance of the plea hearing, the Pretrial Services Office filed a Status Report wherein it alleged that Defendant repeatedly violated his conditions of pretrial release. Specifically, the report alleged that Defendant left his residence without the prior approval of his Pretrial Services Officer, that he frequented Romantix, an adult novelty store, without the prior approval of his Pretrial Services Officer, that he continuously accessed the internet for reasons that were not approved by his Pretrial Services Officer, and that he failed to install certain software updates on his cellular phone. (Doc 32.) Importantly, the Pretrial Service Office did not file a Petition to Revoke Defendant's pretrial release nor recommend any adverse action following the alleged violations. Instead, Defendant's Pretrial Services Officer verbally reprimanded him.

On August 8, 2024, Defendant pled guilty to Count One of the Indictment. (Doc. 33.) Following the Defendant's guilty plea, the Court addressed his continued release in light of 18 U.S.C. § 3143(a)(2). The parties stipulated that there were "exceptional reasons" that supported his continued release pending sentencing, pursuant to 18 U.S.C. § 3145(c); namely, Defendant was doctoring for several health conditions that would complicate his incarceration at a local jail and he was still subject to electronic

monitoring. (Doc. 33.)  At the conclusion of the hearing, the Court concluded "exceptional circumstances" existed for continuing his release, but not before it issued a judicial warning.  The Court expressly warned defendant that it would be problematic if he continued to access the internet for the purpose of viewing pornography and otherwise violate his conditions of release.  In response, Defendant pledged that he would fully comply with this Court's conditions of release.  The Court set the sentencing hearing for a date to be determined because the Probation Office requested more time to review the voluminous discovery for the purpose of drafting the Presentence Investigative Report.

In the meantime, the Pretrial Services Officer filed yet another Status Report on October 10, 2024. (Doc. 36.) As set forth in this most recent report, Defendant has continued to violate his post-plea conditions of release by allegedly accessing the internet, including using social media platforms on seven occasions between August 13, 2024, and August 17, 2024.  In this same report, it is also alleged that Defendant traveled to Fargo on August 7, 2024, to visit a residence without the prior approval of his Pretrial Release Officer.  Once again, the Pretrial Services Office is not recommending any adverse action following these most recent alleged violations.

## II.     LEGAL STANDARDS

### A.  Release And Detention Under The Bail Reform Act

Ordinarily, a defendant's release pending trial is governed by 18 U.S.C. § 3142. Following a defendant's arrest on a Complaint or Indictment, the judicial officer must hold a hearing to determine whether there are release conditions that will reasonably assure a defendant's future appearance and the safety of others and the community. 18

U.S.C. § 3142(f).  Following the hearing, the Court must release the defendant unless it finds that there is no condition or combination of conditions that will reasonably preclude flight or assure the safety of any other person and the community.  Moreover, when, as is the case here, the Indictment charges an offense involving a minor victim under specific sections of Title 18, the Bail Reform Act creates a rebuttable presumption that there are no conditions that will preclude flight or dangerousness. 18 U.S.C. § 3142(e).  However, the government still has the burden of persuasion to establish flight risk and dangerousness. United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003) (concluding that in a rebuttable presumption case, district court's order denying detention for defendant indicted for interstate travel with intent to commit criminal sexual activity with a minor was clearly erroneous because the government proved by clear and convincing evidence defendant was a danger to the community and by a preponderance of evidence that he was also a flight risk).

    After a defendant pleads guilty or is convicted following a trial, the presumption of innocence no longer exists and the burden of proof is shifted to the defendant to establish release in conformity with 18 U.S.C.§ 3143.  Fed.R.Cr.P. 46(c).  Absent some narrow exceptions, § 3143(a)(2) mandates that defendants convicted of certain offenses, including crimes of violence, be detained while awaiting sentencing unless the Court finds that there is a substantial likelihood that a motion for acquittal or a new trial will be granted, or the government recommends that no sentence of imprisonment will be imposed.  Here, neither exception applies because defendant has pled guilty, and per the Plea Agreement, the United States is recommending a term of incarceration.

However, the Eighth Circuit has determined that a defendant subject to mandatory detention under §3143(a)(2) may nevertheless be released under § 3143(a)(2) if there are "exceptional circumstances" as to why defendant's detention would not be appropriate. See United States v. Mahoney, 627 F.3d 705 (8th Cir. 2010); United States v. Brown, 368 F.3d 992 (8th Cir. 2004). Such a finding also necessitates a judicial finding by clear and convincing evidence that the defendant is neither a flight risk nor poses a danger if released on any condition or combination of conditions. 18 U.S.C. § 3143(a)(1). In sum, in post-plea cases, the district court retains authority to release a defendant as long as conditions exist that would preclude danger to the community or flight and there are "exceptional reasons" that justify the release. In this case, the Court made such a finding.

### B. Post-Plea Violations Following a Finding of "Exceptional Circumstance" Release

A defendant who violates his pretrial conditions is subject to revocation of release and an order of detention. 18 U.S.C. § 3148(a). In the event a defendant violates conditions of release, the Pretrial Services Office will typically file a Petition to Revoke Pretrial Release, but § 3148(b) provides that an attorney for the government may also initiate a proceeding for revocation of an Order of Release by filing a motion with the district court. After a subsequent hearing, the Court must enter an order of revocation and detention if it finds probable cause to believe that the defendant committed a crime while on release or clear and convincing evidence that any other release condition was violated, and further finds that based on the factors set forth in § 3142(g), there are no conditions that will assure that the defendant is neither a danger nor flight risk, or that the

defendant will not abide by any conditions. 18 U.S.C. §3148(b)(1) and (2).  Because such proceedings are pretrial, the burden of proof is on the government to establish probable cause that a crime has been committed or clear and convincing evidence that other conditions were violated. See e.g., United States v. Marshall, 2024 WL 578753 (D.Neb. Jan. 30, 2024).

The United States submits however that the above legal framework does not apply to a defendant who has pled guilty and been released based upon "exceptional circumstances." In a post-plea situation, the burden shifts to the defendant to prove that he is neither a flight risk nor poses a risk of danger to the community. Fed.R.Cr.P. 46(c). Essentially, the Court must make two findings before revoking defendant's post-plea release: (1) either probable cause that a new crime has been committed <u>or clear and convincing evidence that another condition of release has been violated; and</u> (2) either an assessment of conditions to preclude risk of flight or danger to the community <u>or a determination that a defendant is unlikely to abide by any conditions ordered by the Court</u>. 18 U.S.C. § 3148(b).

Alternatively, the Court always retains the discretion to revisit detention issues. United States v. Carretero, 1999 WL 1034508 at *4-5 (N.D.N.Y. Nov. 4, 1999).  As relevant here, § 3142(f) provides:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person or the community.

Consistent with the Eighth Circuit's § 3145(c)'s exceptional circumstance case law, the Court retains discretion to revisit those circumstances it initially determined were exceptional. In other words, a Court's "exceptional circumstance" release is always subject to revocation in the event those circumstances are no longer exceptional. Id.

### III. DISCUSSION AND REQUEST FOR HEARING

The United States submits that Defendant has repeatedly violated his conditions of release, even following this Court's judicial warning. In each instance, Defendant was reprimanded by his Pretrial Services Officer and after he pled guilty the Court likewise reprimanded him for continually accessing the internet to view pornography—a claim which he did not deny. It was also alleged that he frequented an adult novelty store, without the prior approval of his Pretrial Services Officer, and that he possessed unapproved electronic devices, claims which he has denied. Nonetheless, the Court addressed all these violations at the hearing and ultimately allowed him to remain on continued release, but it gave him a stern warning. Yet despite these warnings, Defendant proved himself unwilling to refrain from using the internet. Mere days following his guilty plea, he is alleged to have used social media on seven different occasions. This is concerning behavior given that he has a history of soliciting underage boys via social media.

Similarly, his use of the internet for this very reason—social media—poses a danger to others because he has access to countless underage boys via social media. In the past, his use of social media has not been limited to just communicating with underage boys; but rather, he has a history of soliciting sexual activity from young men

7

via social media, and even soliciting sexually explicit images from underage boys via social media. He therefore is a danger to the community. To be sure, "danger to the community" has a broad interpretation that is not limited to mere physical violence. It also "refers to the danger that the defendant might engage in criminal activity to the detriment of the community." United States v. Wilson, 820 F.Supp. 1031, 1034 (N.D. Texas 1993) (internal quotations omitted).

Alternatively, even if Defendant is not deemed to pose a danger to the community, the United States submits there is no combination of conditions that Defendant is willing to abide by. From the beginning, the Defendant has demonstrated a brazen attitude about his conditions of release. He has violated multiple conditions of release on many occasions, and each instance he has been reprimanded. Additionally, his conditions have been modified to address his repeated violations. For instance, after his Pretrial Services Officer located unreported electronic devices in his residence, his conditions of release were modified to include a search condition and a condition expressly restricting his access to electronic devices. But thereafter, he resorted to accessing the internet via his smart television. And even after receiving a judicial warning that his post-plea status would be jeopardized if he continued to access the internet for the purpose of viewing pornography, among other conditions, he persisted to access social media. It is therefore clear that defendant simply cannot control his impulses.

Defendant has also demonstrated a lack of candor with the Pretrial Services Office. Its Status Report details how defendant delayed installing computer monitoring software on his cellular phone and pretrial services located unreported devices in his

8

residence. He was eventually ordered to remove these items, but he nonetheless continued to access pornography via his smart television. Finally, he failed to disclose to his pretrial services officer that he was traveling to Fargo where he visited a specific residence. Again, this unapproved travel occurred on August 7, 2024, just days after the Judge addressed his repeated violations of release with him.

Simply put, Defendant has no regard for this Court's Order or even its judicial warning. The timing of these most recent alleged violations is telling. They occurred while Defendant was awaiting sentencing after having been warned by this Court. It is hard to imagine under what circumstances Defendant would be motivated to abide by this Court's Order, if not now. As such, the United States requests that the Court hold a hearing on the alleged violations at which time it would also request that the Court revisit his circumstances for the purpose of determining whether they are still "exceptional" such that he may remain on continued release pending sentencing.

Dated October 15, 2024

By: */s/ Jennifer Klemetsrud Puhl*
JENNIFER KLEMETSRUD PUHL
First Assistant United States Attorney
Acting Under Authority Conferred by 28 U.S.C. § 515
ND Bar ID 05672
655 First Avenue North, Suite 250
Fargo, ND  58102-4932
(701) 297-7400
jennifer.puhl@usdoj.gov
Attorney for United States